# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

BRYAN DEAN WOMACK, )
)
Petitioner, )
)
v. ) Case No. CIV 11-372-RAW-KEW
)
ROBERT PATTON, DOC Director, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Love County District Court Case No. CF-2009-103 for Lewd Molestation. He sets forth the following grounds for relief:

I. The District Court of Love County violated petitioner's plea agreement.

II. The right to be prosecuted under DNA evidence which I am already excluded from.

III. My trial counsel conspired with the prosecutor to make me a fake promise for a bogus plea, I knew nothing about courtroom lay [sic] and depended on my trial attorney for that.

The respondent alleges Grounds I and II have been exhausted, and Ground III would be procedurally barred if petitioner returned to the state courts in an attempt to exhaust that claim. The following records have been submitted to the court for consideration in this matter:

A. Petitioner's first application for post-conviction relief.

B. Order Denying Application for Post-Conviction Relief. *Womack v. State*, No. CF-2009-103 (Love County Dist. Ct. Aug. 18, 2011).

C. Petitioner's Petition In Error to the Oklahoma Court of Criminal Appeals.

D. Order Affirming Denial of Application For Post Conviction Relief. *Womack v. State*, No. PC 2011-0554 (Okla. Crim. App. Sept. 7, 2011).

E. Petitioner's second application for post-conviction relief.

F. Order Denying [Second] Application for Post-Conviction Relief. *Womack v. State*, No. CF-2009-103 (Love County Dist. Ct. Feb. 16, 2012).

G. Petitioner's brief in support of his second post-conviction appeal.

H. Order Dismissing Appeal. *Womack v. State*, No. PC 2011-0817 (Okla. Crim. App. Sept. 27, 2011).

I. Order Affirming [Second] Denial of Post Conviction Relief. *Womack v. State*, No. PC-2012-222 (Okla. Crim. App. June 14, 2012).

J. Petitioner's Plea of Guilty in Love County District Court Case No. CF-2009-103.

K. Judgment and Sentence in Love County District Court Case No. CF-2009-103.

The record shows that petitioner pled guilty to the charge and did not move to withdraw his plea. He instead sought post-conviction relief in the state district court, but his application was denied. The denial was appealed to the Oklahoma Court of Criminal Appeals (OCCA), and the district court's denial was affirmed. *Womack v. State*, No. PC 2011-0554 (Okla. Crim. App. Sept. 7, 2011). Petitioner next submitted an improperly-filed

post-conviction application directly with the OCCA, which was dismissed in *Womack v. State*, No. PC 2011-0817 (Okla. Crim. App. Sept. 27, 2011). He then sought to appeal his guilty plea out of time through a second post-conviction application that was denied by the district court and affirmed by the OCCA. *Womack v. State*, No. PC-2012-222 (Okla. Crim. App. June 14, 2012).

The respondent alleges petitioner is procedurally barred from habeas relief, because he failed to properly allege in his first post-conviction application the cause for his default on Grounds I and II. In addition, he failed to raise Ground III in his first or second post-conviction applications.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As set forth below, the OCCA denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

After he was sentenced, petitioner did not move to withdraw his plea and appeal to the OCCA. Instead, he sought post-conviction relief with the state district court for claims of (1) the district court's alleged violation of his plea agreement, (2) his right to be prosecuted under DNA evidence which excluded him, and (3) trial counsel's failure to prepare a defense or call witnesses, especially in light of petitioner's exclusion from the DNA evidence. (Docket No. 26-1). The district court denied the claims on the merits. *Womack v. State*, No. CF-2009-103, slip op. (Love County Dist. Ct. Aug. 18, 2011). On appeal the

OCCA held that petitioner's claims were procedurally barred:

> The provisions of 22 O.S. 2001, § 1080, are not a substitute for a direct appeal. *Maines v. State*, 597 P.2d 774 (Okla. Crim. App. 1979). Permitting one to by-pass [sic] or waive a timely and direct appeal and proceed under 22 O.S. 2001, § 1080, without supplying a sufficient reason erodes the limitations and undermines the purpose of the statutory direct appeal. *See Webb v. State*, 661 P.2d 904 (Okla. Crim. App. 1983). Petitioner's application to this Court fails to articulate sufficient reason explaining his failure to timely file an appeal of his conviction. The record does not support Petitioner's contention that he was denied effective assistance of counsel.

*Womack v. State*, No. PC 2011-0554, slip op. at 2 (Okla. Crim. App. Sept. 7, 2011).

While petitioner does not alleges in this habeas petition that his attorney was the cause for his procedural default, he did file a second post-conviction action seeking a *certiorari* appeal out of time and claiming his lawyer agreed to file an appeal, but failed to do so. (Docket No. 26-5). The OCCA affirmed the district court's denial of the second application, because the issue could have been raised in the first post-conviction application, but was not. *Womack*, No. PC-2012-222, slip op. at 1-2.

> ... Petitioner's right to appeal is dependent upon his ability to prove he was denied an appeal through no fault of his own. *See Dixon v. State*, 228 P.3d 531 (Okla Crim. App. 2010); *Blades v. State*, 107 P.3d 607 (Okla. Crim. App. 2005); *Smith v. State*, 611 P.2d 276 (Okla. Crim. App. 1980). Petitioner alleges that he requested trial counsel withdraw his plea, but the record submitted in this matter contains no evidence supporting that claim. Petitioner's self-serving statements regarding his failure to withdraw his plea are insufficient to support his claim that he was denied an appeal through no fault of his own. ...

*Womack*, No. PC-2012-222, slip op. at 2.

A habeas petitioner who fails to raise a claim that could have been brought on direct appeal must show the court "cause and prejudice" for the default, when the state court has refused to review the merits of the issue on the basis of its established procedural rules. *See*

4

*Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Here, the court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of showing cause and prejudice.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 23rd day of January 2015.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE